UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELIJAH CHAPPELL,

    Defendant.

Case No. 23-cr-20601

Hon. Sean F. Cox
United States District Court Judge

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (ECF No. 42)

In this criminal case, Defendant Elijah Chappell challenges the veracity of statements made by law enforcement in support of a warrant to search a house in Detroit, Michigan, where evidence that he unlawfully possessed a firearm as felon was recovered. Specifically, Chappell contends that statements made by law enforcement in support of that search warrant were deliberately or recklessly false.

Chappell now moves for a *Franks* hearing to prove these allegations. However, statements made by law enforcement in support of the search warrant that Chappell *does not* challenge still show probable cause, and therefore Chappell is not entitled to a *Franks* hearing. Chappell's motion is denied.

### BACKGROUND

The complaint filed by the Government in this criminal case alleges that Chappell, a felon, possessed a disassembled Century Arms WASR-2 Romanian 5.45x39 mm rifle and ammunition at a residence located at 9401 Hartwell Street in Detroit, Michigan. (ECF No. 1). A grand jury subsequently indicted Chappell for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 13). Chappell pled not guilty and trial is set to begin on September 26, 2024. (ECF No. 39).

1

The firearm and ammunition at issue in this case were recovered from the Hartwell Street house under a search warrant authorized by a Michigan magistrate.  (*See* ECF No. 42, PageID.156–57).  The affidavit in support of that warrant was submitted by Detroit Police Department Lieutenant White.  Lieutenant White sought to search "[t]he entire premises and curtilage of 9401 Hartwell" for "[a]ll spent casing(s), firearms, and items establishing ownership, control, occupancy, or possession of the above described place, or any items germane to this crime."  (*Id.*).  And Lieutenant White's affidavit contained the following factual allegations:[1]

> **1.** The Affiant is a sworn member of the Detroit Police Department with 24 years of service, currently assigned to the Second Precinct Detective Unit.  Affiant has been involved in numerous firearm investigations in the City of Detroit.  Affiant has probable cause to believe that the above listed items will be found on the above described premises.
>
> **2. On May 20, 2023, at approximately 9:26 pm**, Officer H. Hebner was flag down by four children and an adult female at W. Chicago and Hartwell.  *The children stated to Officer Hebner that their father was assaulting their mother.  The adult female pointed toward the target location and said that the offender was inside the TARGET LOCATION and was armed with a gun.*  Officer Hebner then reports that she heard the sound of gunfire coming from within the TARGET LOCATION.  Upon attempting to make contact, a B/M 40 open the front door of the residence but refused to show his hands.  He then retreated back into the TARGET LOCATION.  Officer Hebner reports that during the confusion following the shots being fired the four children and adult female left the location.
>
> **3. On May 20, 2023 at approximately 9:40 pm**, Sergeant R. Washington responded to the TARGET LOCATION.  He spoke with a witness who identified the person in the residence as his brother, Elijah Chappell B/M [redacted text]-81.  *Affiant conducted a RMS search of Mr. Chappell and discovered four reports of domestic assault where Mr. Chappell was suspected of assaulting* [redacted text] *who he share four children.  During each of these incidents criminal prosecution was not obtained due to* [redacted text] *lack of cooperation.*
>
> **4. On May 20, 2023, approximately 10:15 pm**, a barricaded gunperson was declared.  On May 21, 2023, at approximately 12:15am, Mr. Chappell exited the TARGET LOCATION and surrendered.

---

[1] Emphasis is added to the allegations that Chappell now challenges.  The instances of redacted text appear as such in the copy of the warrant affidavit that was provided to the Court.

> **5. On May 21, 2023**, Affiant reviewed Elijah Chappell's criminal history. He was found guilty on June 8, 2010 of Felony Assault with a Dangerous Weapon (MCL 750.82) in 3rd Circuit Court. Due to this conviction Affiant is aware Mr. Chappell is disqualified for possessing a firearm. Affiant believes that probable cause exists to believe that firearms and firearm evidence (spent casings) will be found on the premise of the target location.

(*Id.* at 157) (emphasis added).

In a motion filed on June 12, 2024, Chappell now alleges that certain statements in Lieutenant White's affidavit were false. (ECF No. 42). Chappell additionally alleges that Lieutenant White deliberately or recklessly included those false allegations in his affidavit. Chappell seeks a *Franks* hearing to prove these allegations.[2]

Chappell's motion for a *Franks* hearing has been fully briefed and the Court heard oral argument on July 31, 2024.[3] For the reasons below, Chappell's motion is denied.

## STANDARD OF REVIEW

In *Franks v. Delaware*, the U.S. Supreme Court explained that criminal defendants may be entitled to an evidentiary hearing "to challenge the truthfulness of factual statements made in an affidavit supporting [a search] warrant." 438 U.S. 154, 155 (1978). "To be entitled to a *Franks* hearing, [a defendant] must '1) make[] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) prove[] that the false statement or material omission is necessary to the probable cause finding in the affidavit.'" *United States v. Bateman*, 945 F.3d

---

[2] Chappell submitted footage from Officer Hebner's body camera (*see id.* at 154, 158); a record of a police interview conducted after the events of May 20, 2023 (*see id.* at 159–60); and transcripts of relevant portions of Officer Hebner's body camera footage (*see* ECF Nos. 47-1, 47-2) in support of his motion.

[3] Although the relief that Chappell seeks in his motion is not altogether clear, Chappell clarified at oral argument that he seeks a *Franks* hearing.

997, 1008 (6th Cir. 2019) (second and third alterations in original) (quoting *United States v. Young*, 847 F.3d 328, 348–49 (6th Cir. 2017)).

With respect to the second prong of this test, "[w]hether the supporting affidavit establishes probable cause is determined by the 'totality of the circumstances' underlying the search." *United States v. Crawford*, 943 F.3d 297, 305 (6th Cir. 2019) (quoting *United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018). Such an affidavit demonstrates probable cause for a search if "those underlying circumstances reflect 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *United States v. Higgins*, 557 F.3d 381, 389 (6th Cir. 2009)).

## ANALYSIS

Chappell's motion challenges the veracity of statements in Lieutenant White's affidavit. **First**, Chappell challenges the statement, "The children stated to Officer Hebner that their father was assaulting their mother." (ECF No. 42, PageID.157). Chappell alleges that Officer Hebner's bodycam footage recorded on the night of May 20, 2023, shows only two children, none of whom made statements to Officer Hebner. Chappell contends that this footage instead shows that "an adult female describes a confusing situation," and "[n]othing within this description is there an assertion that 'their father was assaulting their mother.'" (*Id.* at 150).

**Second**, Chappell challenges the statement, "The adult female pointed toward the target location and said that the offender was inside the TARGET LOCATION and was armed with a gun." (*Id.* at 157). According to Chappell, Officer Hebner's body camera footage instead shows that the adult female in question "tells another officer that she 'heard 3-4 shots coming from a house nearby. We thought it was the first house, it was the second.'" (*Id.* at 151).

**Third**, Chappell challenges the statements, "Affiant . . . discovered four reports of domestic assault where Mr. Chappell was suspected of assaulting [redacted text] who he share

4

four children," and "During each of these incidents criminal prosecution was not obtained due to [redacted text] lack of cooperation." (*Id.* at 157). Chappell says that these statements were "intentionally misleading" because they "impl[ied] that [his alleged victim] was somehow involved in this situation." (*Id.* at 151). According to Chappell, his alleged victim "was not present at the scene during the events important to the case." (*Id.*).

However, Chappell does not challenge Lieutenant White's statement that Officer Hebner was flagged down by individuals at the intersections of W. Chicago and Hartwell streets in Detroit, Michigan, on the night of May 20, 2023. Chappell also does not challenge Lieutenant White's allegations that Officer Hebner "heard the sound of gunfire coming from within the TARGET LOCATION" at approximately 9:26 P.M., and that "a witness . . . identified the person in the residence as his brother, Elijah Chappell," at 9:40 P.M. (*Id.*).

Further, Chappell does not take issue with Lieutenant White's allegations that "[u]pon attempting to make contact, a B/M 40 open the front door of the residence but refused to show his hands," and that that individual "then retreated back into the TARGET LOCATION." (*Id.*). Chappell likewise does not challenge Lieutenant White's statements that "a barricaded gunperson was declared" at 10:15 P.M., and that "Chappell exited the TARGET LOCATION and surrendered" at 12:15 AM on the morning of May 21, 2023. (*Id.*).

And Chappell does not challenge Lieutenant White's statement that Chappell "was found guilty on June 8, 2010 of Felony Assault with a Dangerous Weapon (MCL 750.82) in 3rd Circuit Court," and therefore that Chappell "is disqualified for [sic] possessing a firearm." (*Id.*).

The statements in Lieutenant White's affidavit that Chappell does *not* challenge are sufficient to show probable cause. Taking those statements as true, police heard gunshots coming from 9401 Hartwell Street in Detroit, Michigan, on the night of May 20, 2023. A

5

witness stated that Chappell was inside that residence. When police attempted contact, Chappell barricaded himself inside the residence for nearly two hours before he ultimately surrendered. And Chappell had been convicted of a felony, which disqualified him from possessing a firearm or ammunition.

These statements are more than sufficient to demonstrate a fair probability that "firearms and firearm evidence (spent casings)" would be found at 9401 Hartwell Street. (*Id.* at 157). These statements also demonstrate that the presence of firearms and spent casings inside 9401 Hartwell Street would show that Chappell had committed a crime, namely, the possession of firearms or ammunition as a felon. Chappell is not entitled to a *Franks* hearing and his motion is denied.

## CONCLUSION & ORDER

Because the uncontroverted statements in Lieutenant White's affidavit demonstrate probable cause, Chappell is not entitled to a *Franks* hearing. Accordingly, **IT IS ORDERED** that Defendant Elijah Chappell's Motion to Suppress Evidence (ECF No. 42) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  August 7, 2024                         s/Sean F. Cox
                                               Sean F. Cox
                                               U. S. District Judge