UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        Case No. 23-cr-20601

v.

                                                    Hon. Sean F. Cox

ELIJAH CHAPPELL,                    United States District Court Judge

    Defendant.
_____/

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL

The Government rested in Defendant Elijah Chappell's four-day trial on October 3, 2024. Chappell then moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. The evidence is sufficient to support a guilty verdict, so the Court shall deny Chappell's motion.

In ruling on a Rule 29 motion, "the court must view the evidence 'in the light most favorable to the prosecution,' and may not enter a judgment of acquittal if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Paulus*, 894 F.3d 267, 274 (6th Cir. 2018) (emphasis in original) (quoting *United States v. Persaud*, 866 F.3d 371, 380 (6th Cir. 2017)).  As such, "courts may not 'independently weigh[] the evidence, nor judge[] the credibility of witnesses.'" *Id.* at 275 (alterations in original) (quoting *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999)).

Chappell's charge had four elements: (1) that he "had had been convicted of a prior felony"; (2) that "he knew that he had been convicted of a felony"; (3) that "he knowingly possessed [a] firearm or ammunition"; and (4) that "the firearm or ammunition travelled in or affected interstate commerce." *United States v. Smith*, 70 F.4th 348, 351 (6th Cir. 2023).  "[T]to prove that a defendant knowingly possessed an object, the government must demonstrate that the

1

defendant had control over the object, either actually or constructively." *United States v. Murphy*, 107 F.3d 1199, 1207 (6th Cir. 1997).

Here, the Government alleges that Chappell possessed a Century Arms WASR-2 Romanian 5.45x39 mm rifle and ammunition. Chappell stipulated that he was convicted of a prior felony, that he knew he had been convicted of a prior felony, and that the firearm or ammunition travelled in or affected interstate commerce. Thus, the jury only has to consider whether Chappell knowingly possessed the alleged firearm or ammunition.

The Government has presented sufficient evidence of this element. Police officers testified that they responded to a chaotic scene at 9401 Hartwell Street on Detroit's west side on the evening of May 20, 2023. They had received 911 calls stating that a gun had been fired and that a person was lying in the street. Police quickly responded and spoke to Chappell's brother. Chappell's brother was bloody and refused to tell police what had happened.

Responding officers testified that they then heard gunshots, which they believed had come from the Hartwell Street residence. They surrounded the premises and called in a special response team. Officers saw a person walking around inside the house, and he did not comply with officers' requests to surrender himself. The man was declared to be a barricaded gunman, and police ultimately breached the house using a battering ram.

Officers testified that the man inside the house surrendered over two hours after they had first arrived on the scene. That man was the defendant, Chappell. Police found pieces of the Century Arms rifle at issue inside the house and spent cartridges in the backyard. An expert testified that genetic material matching Chappell's DNA profile was found on the gun parts. And another expert testified that the cartridges matched ammunition that could have been fired from the gun at issue.

Viewing this evidence in the light most favorable to the Government, Chappell fired the gun at issue, barricaded himself inside the house, and then disassembled the gun to try and cover up his conduct. Thus, the Government presented enough evidence that Chappell possessed a firearm or ammunition as a felon to survive Chappell's Rule 29 motion.

Accordingly, it is **IT IS ORDERED** that Chappell's motion for judgment of acquittal is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: October 3, 2024