UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELIJAH CHAPPELL,

    Defendant.
_____/

Cases No. 23-cr-20601

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR A NEW TRIAL (ECF No. 64)**

A jury convicted Defendant Elijah Chappell of possessing a firearm or ammunition as a felon and he now moves for a new trial. The trial evidence weighed heavily in favor of the jury's verdict, so the Court denies Chappell's motion.

**BACKGROUND**

Chappell was indicted for possessing a firearm or ammunition and the charge was set for trial. Chappell stipulated that he was convicted of a prior felony, that he knew he had been convicted of a prior felony, and that the firearm and ammunition that he allegedly possessed had travelled in or affected interstate commerce. So, the jury only had to consider whether Chappell knowingly possessed a firearm or ammunition.

At Chappell's trial, police officers testified to the following facts. Police responded to a chaotic scene at a house on Hartwell Street on Detroit's west side on the evening of May 20, 2023. Officers had received 911 calls stating that a gun had been fired and that a person was lying in the street near that house. Police spoke to Chappell's brother when they arrived on the scene, and Chappell's brother was bloody and refused to talk to them.

1

Officers then heard gunshots, which they believed had come from the Hartwell Street house. Officers surrounded the house and called in a special response team. Officers saw a person walking around inside the house, and that person did not comply with their demands that he or she surrender. And officers did not see anyone else enter or leave the house. The person was declared to be a barricaded gunman, and police ultimately breached the house using a battering ram. The person inside the house surrendered over two hours after police had arrived on the scene, and that person was later identified as Chappell. Police did not find anyone else inside the home after Chappell surrendered. Police did, however, find pieces of a rifle stashed throughout the house and spent cartridges in the backyard.

The jury also heard from expert witnesses. One expert testified that genetic material matching Chappell's DNA profile was found on the rifle parts that were inside the Hartwell Street house. Another expert testified that the cartridges in the backyard of the house matched ammunition that could have been fired from an assembled version of the same rifle that police found inside the house. The jury additionally listened to 911 calls and watched police bodycam footage from the night of Chappell's arrest. The jury ultimately convicted Chappell of possessing a firearm or ammunition as a felon.

Before Chappell's trial, he had moved to dismiss his indictment on the ground that the federal felon-in-possession statute violated the Second Amendment. Chappell also moved in limine to exclude the 911-call recordings and policy bodycam footage from the night of his arrest. The Court denied both these motions. Chappell renewed his objections to the 911-call recordings and the bodycam footage at trial, and the Court again rejected those challenges.

Chappell now moves for a new trial. Chappell's motion has been fully briefed and the Court denies it for the following reasons.

**STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 33 "authorizes a district court to order a new trial if the evidence weighs 'heavily against the verdict.'" *United States v. Burks*, 974 F.3d 622, 625 (6th Cir. 2020) (quoting *United States v. Bowens*, 938 F.3d 790, 796 (6th Cir. 2019)). A new trial is proper "[o]nly in 'extraordinary circumstances' when the verdict exceeds the bounds of reasonableness." *Id.* (citation omitted) (quoting *United States v. Hughes*, 505 F.3d 578, 592–93 (6th Cir. 2007)).

**ANALYSIS**

Chappell argues that he deserves a new trial for six reasons. *First*, Chappell argues that the admission of the 911-call recordings and police bodycam footage violated the Confrontation Clause. These challenges fail because the Court already rejected them both before and during Chappell's trial.

*Second*, Chappell argues that "the lack of camera evidence" from inside the Hartwell Street house requires a new trial because it is possible that the officers who searched the house transferred his DNA to the rifle parts that they found inside. (ECF No. 64, PageID.335). But the trial evidence showed that a person was firing a gun outside that house moments before Chappell barricaded himself inside it and no one else came or went from the house before or after Chappell was found inside. So, the Government presented sufficient evidence that Chappell possessed a firearm notwithstanding the DNA evidence.

*Third*, Chappell complains that the Government never identified who "controlled" the Hartwell Street house. (*Id.*). But a defendant need not "control" a house where a gun or ammunition is found to have possessed that gun or ammunition; a defendant need only have "controlled" the gun or ammunition. As discussed above, the Government presented sufficient

3

evidence that Chappell possessed a gun or ammunition inside the Hartwell Street house regardless of whether he "controlled" that house.

*Fourth*, Chappell takes issue with the fact that "[n]o person testified that [he] possessed either the firearm or ammunition." (*Id.*). This argument fails because the Government presented sufficient evidence from which one could infer that Chappell possessed a firearm or ammunition.

*Fifth*, Chappell asserts that the officers who searched the Hartwell Street house "br[ought] something" inside the house while he was barricaded inside it and the Government never proved what that item was. (*Id.*). Chappell surmises that police may have brought spent shell casings inside the home and then spilled them outside. This argument amounts to an attack on the credibility of testifying officers, which Chappell had ample opportunity to make at trial. The jury ostensibly believed the testifying officers, and Chappell points to no evidence that undermines any testifying officers' character for truthfulness.

*Sixth* and last, Chappell argues that the federal felon-in-possession statute cannot be constitutionally applied to him per the Sixth Circuit's decision in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), which was issued on August 23, 2024. The Court declines to consider this alleged defect in the indictment at this late stage. Although the Sixth Circuit issued its opinion in *Williams* after the Court denied Chappell's pretrial motion to dismiss the indictment, Chappell had well over a month to renew that motion after the *Williams* decision came down and before his trial began and he did not.

None of the reasons that Chappell offers for granting him a new trial are persuasive.

## CONCLUSION & ORDER

Because the trial evidence did not weigh heavily against the jury's verdict, **IT IS ORDERED** that Chappell's motion for a new trial (ECF No. 64) is **DENIED**.

4

**IT IS SO ORDERED.**

Dated:  December 13, 2024  	s/Sean F. Cox
	Sean F. Cox
	U. S. District Judge


I hereby certify that on December 13, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

	s/J. McCoy
	Case Manager